WATSON, Judge.
Plaintiff, Service Electric Supply Company, Inc., received a trial court judgment for $867.07 against defendants: Pipes Heating & Air Conditioning, Inc; Chateau Royale, a partnership; and the individual partners, Jesse H. Heard, Jr., Thomas M. Rogers, Jr. and William A. Craig. The judgment also recognizes and maintains Service’s materi-alman’s lien against the premises of the Chateau Royale Apartments in Rapides Parish, Louisiana. Service supplied materials to the electrical sub-contractor, Pipes Heating & Air Conditioning, Inc., for construction of the apartments. Service’s suit against Jesse H. Heard Construction Company, Inc., the prime contractor, was dismissed, and the reconventional demand of Heard against Service was also dismissed. Defendants, Chateau Royale and its individual partners, have appealed, contending that the trial court erred in casting them for the debt owed by Pipes to Service and also erred in recognizing Service’s lien on the property. Defendant, Jesse H. Heard Construction Company, Inc., has also appealed, contending that the trial court erred in dismissing its reconventional demand against Service for $2,317.38, alleged to be a credit balance on payments made by check to Service and Pipes jointly. We affirm.

FACTS

Jesse H. Heard Construction Company, Inc. is a Louisiana corporation which contracted with the Chateau Royale partnership in May of 1974 for construction of apartments on the corner of Lisa and Oran Streets in the City of Alexandria. The contract was not recorded, and no bond was supplied by Heard. Heard sub-contracted all of the electrical and air conditioning work on the project to Pipes Heating & Air Conditioning, Inc. Pipes was bonded by Summit Insurance Company which is in receivership. The Pipes contract and Summit bond were not recorded. The construction took place between May, 1974 and June or July of 1975. No affidavit of substantial completion had been filed in the records of Rapides Parish at the time of trial. Service supplied materials to Pipes for the construction. Heard’s dealings were only with Pipes, but checks were written for materials to Pipes and Service jointly. The last materials were charged to the Pipes account with Service on January 24, 1975. This left a balance due from Pipes to Service of $867.07 which was not paid. A lien was timely recorded for this amount. Pipes had no jobs in the Central Louisiana area other than the Chateau Royale Apartments. Hardy J. LaCour, president of Service, identified various invoices for materials and testified that they were used in the construction of the Chateau Royale Apartments. All of the materials were picked up at Service by employees of Pipes and LaCour personally identified various materials in the finished apartments as coming from his company. Alex Hayward, vice-president of Heard, said that Pipes subsequently defaulted on the job.
Jessie LaBorde, secretary-treasurer of Service, endorsed a Heard check, dated September 13, 1974, in the amount of $3,184.45 on behalf of Service. The check was made payable to Pipes and Service jointly. At the time the check was brought into the Service office, Pipes did not owe Service any money so LaBorde endorsed the check and returned it to Pipes’ employee. LaCour testified that none of the money represented by the check was retained by Service. Subsequent to the issuance of this check, Service sold materials to Pipes for the Chateau Royale construction, invoiced as follows:
12/18/74 $ 90.48
12/20/74 42.10
1/10/75 203.22
1/15/75 6.88
1/15/75 115.05
1/15/75 5.95
1/17/75 146.90
1/22/75 215.61
1/24/75 40.88
TOTAL: $867.07
*235 Thus, Service’s lien covers materials sold after issuance of the Heard check to Pipes and Service jointly.

ISSUES

Appellants contend that, if Service’s employee had not endorsed the check: (1) Service would have recovered its money without a lien on the property and judgment against Chateau Royale and its partners; and (2) Heard could have recovered the credit balance represented by the difference between the check and the $867.07 owed by Pipes or $2,317.38.
The first issue is whether Heard is entitled to recover $2,317.38 from Service.
The second issue is whether Service’s endorsement of the check precludes recovery of the amounts of its materialman’s lien from Chateau Royale and the individual partners.
CONCLUSION
As to the first issue, there is no question that Heard cannot recover from Service the money Heard paid to Pipes simply because a check was made out jointly to Pipes and Service. Heard may have owed this amount to Pipes. Service did not receive the money. There is nothing in the record which would allow Heard to collect this amount from Pipes, much less Service, since no evidence was presented that Pipes owed Heard anything at the conclusion of the contract. The only evidence on this point is Hayward’s statement that Pipes defaulted. As the trial court stated:
“In order to determine if the general contractor sustained any loss it would be necessary to go into the entire contract between Pipes and Heard, which was not done.” (TR. 50)
As to the second issue, it is undisputed that Service has a valid, timely recorded, privilege. LSA-R.S. 9:4801. The owners are personally liable under the provisions of LSA-R.S. 9:4812 for their failure to record the construction contract between Chateau Royale and Heard. LSA-R.S. 9-4812 states in pertinent part that:
it sjs * *
Any person furnishing service or material or performing any labor on the said building or other work to or for a contractor or sub-contractor, when a contract, oral or written has been entered into, but no contract has been timely recorded, shall have a personal cause of action against the owner for the amount of his claim for a period of one year from the aforesaid recordation of his claim, * * * 11
While lien statutes are stricti juris, it is well established in this case that Service supplied materials which were incorporated into the construction of the Chateau Royale Apartments and that Service has a balance due of $867.07. The contention that Service’s endorsement of the Heard check bars it from recovering subsequent charges is not tenable. Service received no consideration for the endorsement and it could not constitute a “giving in payment” by Heard to Service because no amount was due from Heard to Service at the time. LSA-C.C. art. 2655. Service’s dealings were only with Pipes and Service had no obligation to hold Heard’s check in anticipation of possible future charges by Pipes. Appellants’ contentions are without merit.
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs of this appeal are assessed to defendants-appellants, Chateau Royale, Jesse H. Heard, Jr., Thomas M. Rogers, Jr., William A. Craig and plaintiff-in-reconvention-ap-pellant, Jesse H. Heard Construction Company, Inc.
AFFIRMED.